IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEREMY KENNEDY,                                                                                          PETITIONER
ADC # 093061

v.                                          5:16CV00171-JLH-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Jeremy Kennedy, is serving a twenty-year term of imprisonment in the Arkansas Department of Correction for residential burglary and theft of property that occurred in February 2013.[1] He is also serving a thirteen-year concurrent sentence for residential burglary and theft of property that occurred in January 2013.[2]

Over the past year, Mr. Kennedy has filed five petitions for writ of habeas corpus.[3] He appealed *Kennedy v. Kelley*, 5:15CV00184-JJV, to the Eighth Circuit Court of Appeals.[4] The Eighth Circuit denied a certificate of appealability. USCA Judgment, *Kennedy v. Kelley*, No. 5:15CV00184-JJV, ECF No. 32. Although there are subtle changes to each of the petitions, Mr. Kennedy always argues the same issue of law. He believes the Arkansas Parole Regulations and Statutes create a liberty interest in parole for certain Arkansas inmates. The current Petition is no

---

[1] Cleburne County Circuit Court, Case No. CR-2013-37.

[2] White County Circuit Court, Case No. CR-2013-474.

[3] *Kennedy v. Kelley*, 5:15CV00184-JJV (dismissed Aug. 19, 2015). *Kennedy v. Kelley*, 5:15CV00367-JLH (dismissed Feb. 11, 2016). *Kennedy v. Kelley*, 5:15CV00368-JLH (dismissed Feb. 11, 2016). *Kennedy v. Kelley*, 5:16CV00134-JLH-JJV.

[4] Eighth Circuit Court of Appeals, Case No. 15-3159.

different.

Mr. Kennedy makes the same challenge in the instant Petition as he did in his previously dismissed Petitions. In this Petition, he states that he went before the parole board on May 17, 2016, and he was denied release for one year. (Doc. No. 2.) He again argues that some Arkansas inmates are subject to mandatory parole creating a liberty interest in parole for those inmates. However, as I previously held, his challenge is without merit because he does not have a liberty interest in parole. In all his cases, the law remains the same. There is no liberty interest in discretionary parole decisions. *Perchini v. Callaway*, F. 3d 802, 807 (8th Cir. 2011). Therefore, this case must be dismissed.

## **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Petitioner's Motion for Leave to Proceed in forma pauperis be denied;

2. Mr. Kennedy's Petition for Writ of Habeas Corpus (Doc. No. 2) be DENIED.

DATED this 9th day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE